**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNESTO ORTIZ,

      Plaintiff-Appellant,

v.

UNITED STATES BORDER
PATROL,

      Defendant-Appellee.

No. 99-2143
(D.C. No. CIV-97-1701-BB)
(D. N.M.)
(39 F. Supp. 2d 1321)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal is taken from an order granting summary judgment to defendant on plaintiff's action for negligent injury brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). We review the grant of summary judgment de novo. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this standard, we view the evidence, drawing reasonable inferences therefrom, in a light most favorable to the nonmoving party. See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999).

The facts are not in dispute. Plaintiff was trapped upside down in his vehicle following an accident on a U.S. Highway in New Mexico. Employees of the U.S. Border Patrol happened upon the scene, called for an ambulance, and were advised by a New Mexico state police officer on the scene that plaintiff was suffocating because of the position of the vehicle. See Ortiz v. United States Border Patrol, 39 F. Supp. 2d 1321, 1322 (D.N.M. 1999). At the request of the New Mexico state police officer, the border patrol agents attached a chain to plaintiff's vehicle and pulled the vehicle onto its side. Plaintiff contends that as

a consequence of this maneuver, he suffered spinal injuries, leaving his legs and lower body paralyzed. See id.

The United States is liable for the negligent acts of its employees if a private person, under similar circumstances, would be liable to a claimant under the law of the place where the negligent act occurred. See 28 U.S.C. § 1346(b). Here, there is no dispute that New Mexico law applies. Defendant claims its agents are not liable to plaintiff based on New Mexico's "Good Samaritan" statute, N.M. Stat. Ann. § 24-10-3. That statute provides that one administering care at the scene of an emergency, without remuneration or the expectation of remuneration, is not liable for civil damages unless the person acts in a grossly negligent manner. See id.

The district court determined that under the FTCA, the border patrol agents should be compared with private individuals, i.e., people not employed by a governmental entity. See Ortiz, 39 F. Supp. 2d at 1323-24 (replying on Ewell v. United States, 776 F.2d 246, 248-49 (10th Cir. 1985) (holding that for purposes of defenses and immunities to tort liability, federal government should be compared to nonpublic sector entity rather than state or local governmental body)). The district court further determined that, viewing the evidence most favorably to plaintiff, there was no indication that the actions of defendant's

-3-

agents, who were merely responding to a request for assistance by a state police officer, rose to the level of gross negligence. [1] See id. at 1325.

Alternatively, the district court ruled that border patrol agents are not general law enforcement officers and had no duty to rescue plaintiff. The agents were therefore acting as private individuals and, because there was no factual issue concerning gross negligence, defendant was entitled to summary judgment. See id. at 1326.

On appeal, plaintiff claims that defendant is not entitled to the protection of New Mexico's Good Samaritan statute because at the time of the accident, the border patrol agents were providing emergency care while receiving remuneration. Plaintiff further contends that even though the agents are considered private persons under the FTCA, they are not entitled to immunity under the Good Samaritan statute, which "does not distinguish between private and public persons in determining whether immunity is afforded those who provide care [in an] emergency." Appellant's Br. at 5.

The New Mexico Good Samaritan statute states that no person shall be held liable for administering emergency care in good faith except for gross negligence, and except when care "is rendered for remuneration or with the expectation of

---

[1] In his brief, plaintiff claims that whether defendant's agents acted in a negligent fashion is a question of fact. However, he does not allege that the actions of the agents constituted gross negligence.

remuneration" or "rendered by a person or agent of a principal who was at the scene of the accident or emergency because he or his principal was soliciting business or performing or seeking to perform some services for remuneration." N.M. Stat. Ann. § 24-10-3. Citing no authority, plaintiff interprets this to mean that because the agents "were on the job," they provided care while receiving remuneration. Appellant's Br. at 7; see also Appellant's Reply Br. at 4 ("The real issue is whether these agents were being paid at the time they rendered assistance.").

Plaintiff does not argue on appeal that the agents specifically expected to be paid for their rescue assistance, only that they "were receiving remuneration at the time that they were rendering aid." Appellant's Reply Br. at 2. The clear language of the statute, however, exempts from immunity the administering of emergency care "where the same is rendered for remuneration." N.M. Stat. Ann. § 24-10-3 (emphasis added). This does not mean that salaried employees (i.e., all persons who at the time they render assistance are presently receiving some form of remuneration from any source) are not entitled to immunity while the unemployed and/or self-employed are so entitled. Such an interpretation is not supported by either authority or common sense. Because plaintiff did not furnish even the complaint and answer in his appendix, see 10th Cir. R. 10.3(C), or the motion for summary judgment, see 10th Cir. R. 10.3(D), 30.1(A)(1), we can only

rely on the district court's recitation that defendant contended that there was no evidence the agents "acted in the expectation of receiving remuneration _for their efforts_," _Ortiz_, 39 F. Supp. 2d at 1322-23 (emphasis added).

Plaintiff next argues that under state law, defendant's agents were general law enforcement officers and, as such, had a preexisting duty to render aid in an emergency situation. Because of this alleged preexisting duty, plaintiff contends that defendant's agents would not be entitled to the protection of the Good Samaritan statute. In particular, plaintiff relies on N.M. Stat. Ann. § 29-1-11(E), which provides that duly commissioned federal law enforcement officers employed by (among other agencies) the Immigration and Naturalization Service "who are required to be designated by the county sheriff on a case-by-case basis in the county in which they are working, are recognized and authorized to act as New Mexico peace officers." The statute also requires the department of public safety to maintain a registry of "every federal law enforcement officer recognized and authorized to act as a New Mexico peace officer pursuant to the provisions of this subsection." _Id._ In addition, "no person shall assume or exercise the functions [of a] . . . peace officer without first having received his appointment in writing from the lawfully constituted authorities of the State of New Mexico." _Id._ § 29-1-9. Plaintiff makes no argument that defendant's agents were properly appointed as state peace officers pursuant to these statutes. Moreover, given the

district court's thorough analysis of defendant's claims and the lack of any suggestion that this particular argument was presented to that court, we decline to consider it further on appeal. See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefit Plan, 11 F.3d 1567, 1572 (10th Cir. 1993) (stating general rule that failure to raise issue with trial court precludes review except for most manifest error).

The district court correctly concluded that defendant's agents are entitled to immunity.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
